IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT TROY ALTMAN, Petitioner, v. UNITED STATES OF AMERICA, Respondent. | CIVIL ACTION NO.: 2:15-cv-141 (Case No. 2:14-cr-15) |

### ORDER

This matter comes before the Court on Petitioner's Motion to File Under Seal, (doc. 1). For the reasons set forth below, the Court **GRANTS** Petitioner's Motion.

The right of access to judicial records pursuant to common law is well-established. See Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978); see also Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). This right extends to the inspection and the copying of court records and documents. See Nixon, 435 U.S. at 597. The right to access, however, is not absolute. See Globe Newspaper Co. v. Superior Court for Norfolk Cty., 457 U.S. 596, 598 (1982). When deciding whether to grant a party's motion to seal, the court is required to balance the historical presumption of access against any significant interests raised by the party seeking to file under seal. See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2001); Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983). In balancing the interests, courts consider, among other things: whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Romero v. Drummond Co.,

Inc., 480 F.3d 1234, 1246 (11th Cir. 2005). Additionally, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." Id. (citing Nixon, 435 U.S. at 598.)

This Court's Local Rule 79.7 sets forth procedures for a party to request that documents be filed under seal. This Court does not allow the automatic filing of documents under seal. Rather, a "person desiring to have any matter placed under seal shall present a motion setting forth the grounds why the matter presented should not be available for public inspection." Local R. 79.7. If the Court denies the Motion to Seal, the Clerk of the Court shall return the materials which the person sought to file under seal, and the person then has the option of filing the materials on the Court's open docket. Id.

Here, Petitioner has shown good cause for filing his Section 2255 Motion and brief in support under seal. Plaintiff has established that sealing these records is necessary for the preservation of his safety, as those records contain information concerning his cooperation and assistance to the government, which implicates other criminal defendants. Having reviewed these records, the Court finds that the need to seal these records outweighs the public's interest in accessing them. For these reasons, the Court **GRANTS** Petitioner's Motion to Seal, (doc. 1). The Clerk of Court is hereby **DIRECTED** to file Petitioner's Section 2255 Motion and brief in support **UNDER SEAL** until further Order of this Court.

**SO ORDERED**, this 21st day of October, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA